IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCIENTIFIC TELECOMMUNICATIONS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ADTRAN, INC., ) <br> ) <br> Defendant. ) | Civ. No. 15-647-SLR |

**MEMORANDUM ORDER**

At Wilmington this 25th day of April, 2016, having reviewed defendant's motion to transfer and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 10) is denied, for the reasons that follow:

1. **Background.** Plaintiff filed the instant patent infringement lawsuit against defendant in July 2015. Both parties are Delaware corporations. According to defendant, it employs over 2,000 people worldwide, including approximately 1,346 employees who work at or are based out of defendant's operational and corporate headquarters in Huntsville, Alabama. All decisions regarding the design, development, and support of defendant's accused products are made by its officers and employees located at its Huntsville, Alabama corporate headquarters. Defendant's business records likewise are maintained at its corporate headquarters. Defendant's only ties to Delaware are its incorporation and the apparently undisputed fact that it sells the accused products in Delaware. Defendant argues in its motion to transfer that, despite

its being a Delaware corporation with a global business that sells the accused products in Delaware, transfer to the Northern District of Alabama is warranted because it is a more convenient forum for defendant.

2. **Standard.** The analytical framework for motions to transfer pursuant to 28 U.S.C. § 1404(a) are well known and will not be repeated here. *See, e.g., In re Link_A_Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995); *Helico Biosciences Corp v. Illumina, Inc.*, 858 F. Supp. 2d 367 (D. Del. 2012). I have gleaned the following from the above case law: A plaintiff, as the injured party, has the privilege of initiating its litigation in the forum it chooses. A defendant's place of incorporation is always an appropriate forum in which to sue that defendant. The purpose of § 1404(a) is not to usurp plaintiff's choice, but to give courts the discretion to transfer if the interests of justice so dictate. The Third Circuit in *Jumara* gave the courts some factors to balance in making their determination, keeping the above tenets in mind. As I have stated many times before, the *Jumara* factors must be viewed through a contemporary lens. In this regard, I have declined to transfer based on the location of potential witnesses and of books and records, as discovery is a local event[1] and trial is a limited event.[2] With respect to the

---

[1] Depositions generally are taken where the deponents reside, and books and records generally are kept in a digital format and easily transferable. To the extent that defendant's books and records are kept in "physical form" (hard to believe in this day and age), it would be plaintiffs' burden to travel for an inspection and/or to pay for copies.

[2] According to national statistics, less than 13.9% of patent infringement cases resolve on the merits. Howard, Brian, *The Truth About Patent Damage Awards*, Law360 (Oct. 16, 2014) (patent cases filed between 2000 and 2013); Morgan, Paul, *Microsoft v. i4i - Is the Sky Really Falling?*, PatentlyO (Jan. 9, 2011) ("[M]ore than 97%

2

factor related to "administrative difficulty from court congestion," the case management orders always start with the schedules proposed by the litigators. It has been my experience that most litigators (especially those representing defendants) are in no hurry to resolve the dispute; if there is a need to expedite proceedings, I will accommodate that need. In sum, this factor generally is neutral.

3. **Analysis.** The court recognizes defendant's ties to the Northern District of Alabama, and understands that defendant has asserted a counterclaim based on a non-disclosure agreement ("NDA") that must be interpreted under Alabama law.[3] Nonetheless, defendant clearly operates on a global basis, and its incorporation in Delaware reflects its recognition that Delaware is an appropriate jurisdiction for resolution of commercial disputes through litigation. See, e.g., Micron Technology, Inc. v. Rambus Inc., 645 F.3d 1311, 1332 (Fed. Cir. 2011). Having accepted the benefits of incorporation under the laws of the State of Delaware, "a company should not be successful in arguing that litigation" in Delaware is "inconvenient," "absent some showing of a unique or unexpected burden." ADE Corp. v. KLA-Tencor Corp., 138 F. Supp. 2d 565, 573 (D. Del. 2001).

---

of patent suits are settled before trial with no judicial validity test."); Denlow, Morton, Hon. Ret., *Magistrate Judges' Important Role in Settling Cases*, The Federal Lawyer, 101 (May/June 2014) ("In 2012, less than 2 percent of federal civil cases went to trial.").

[3]Defendant asserts through its counterclaim (D.I. 9, ¶¶ 26-37) that plaintiff has breached the NDA by alleging willful infringement. Plaintiff has a pending motion to dismiss this aspect of the counterclaim. Willfulness is a single discrete issue in a patent infringement case, and the question of whether plaintiff bases its allegations of willfulness on conduct related to the NDA does not appear to involve any unique aspects of Alabama law. I, therefore, decline to let the NDA be the tail that wags the dog in this analysis.

4. I recognize that litigating in Delaware may be a more expensive exercise for defendant than litigating in Alabama. Under the circumstances at bar, however, I decline to elevate the convenience of one party over the other. "The burden of establishing the need for transfer . . . rests with the movant." *Jumara*, 55 F.3d at 879. The record at bar does not reflect (and I am not persuaded) that litigating in Delaware imposes a unique or unexpected burden on defendant, such that transfer is warranted.

_____
United States District Judge