IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SCIENTIFIC                            )
TELECOMMUNICATIONS LLC,               )
                                      )
            Plaintiff,                )
                                      )
      v.                              )      Civ. No. 15-647-SLR
                                      )
ADTRAN, INC.                          )
                                      )
            Defendant.                )
                                      )

**MEMORANDUM ORDER**

At Wilmington this 25th day of July, 2016, having reviewed the motion to

reconsider filed by defendant ADTRAN, Inc. ("defendant"), and the papers filed in

connection therewith;

IT IS ORDERED that said motion (D.I. 42) is denied for the reasons that follow:

1. **Standard.** A motion for reconsideration is the "functional equivalent" of a

motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See*

*Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990) (citing *Fed. Kemper*

*Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)). The standard for obtaining

relief under Rule 59(e) is difficult to meet. The purpose of a motion for reconsideration

is to "correct manifest errors of law or fact or to present newly discovered evidence."

*Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.

1999). A court should exercise its discretion to alter or amend its judgment only if the

movant demonstrates one of the following:  (1) a change in the controlling law; (2) a

need to correct a clear error of law or fact or to prevent manifest injustice; or (3)

availability of new evidence not available when the judgment was granted. *See id.* A

motion for reconsideration is not properly grounded on a request that a court rethink a decision already made and may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

2. **Analysis.** Defendant requests that the court revisit its decision in light of *In re Link_A_Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011). In that case, both parties were Delaware corporations with headquarters in California. Defendant was a relatively small company, with nearly all of its one hundred thirty employees working in its principal location in California.

3. At bar, both parties are incorporated in Delaware. (D.I. 13 at 1) Unlike the facts presented in *In re Link_A_Media*, however, plaintiff's principal place of business is in Delaware, and defendant has over two thousand employees located in offices worldwide. (*Id.* at 2-3) In the case of a Delaware corporation with a global footprint, defendant's convenience (which is but one factor to consider in the discretionary decision to transfer, *see Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 789-80 (3d Cir. 1995)) does not present as a compelling factor. For at least these reasons, the court declines to reconsider the motion to transfer.[1]

United States District Judge

---

[1] For similar reasons, the court denies defendant's request to certify the order denying transfer for an interlocutory appeal (D.I. 42). Certification of an interlocutory appeal should be granted sparingly and only in exceptional circumstances. *Hulmes v. Honda Motor Co.*, 936 F. Supp. 195, 208 (D.N.J. 1996), aff'd 141 F.3d 1154 (3d Cir. 1998).