IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCIENTIFIC TELECOMMUNICATIONS LLC, <br><br> Plaintiff, <br><br> v. <br><br> ADTRAN, INC. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civ. No. 15-647-SLR |

## MEMORANDUM ORDER

At Wilmington this ___ day of July, 2016, having reviewed plaintiff Scientific Telecommunications LLC's ("plaintiff") motion to dismiss count III of defendant ADTRAN, Inc.'s ("defendant") counterclaim, and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 20) is granted for the reasons that follow:

1. **Background.** On October 30, 2014, plaintiff sent a letter (the "letter") to defendant regarding the exploration of licensing opportunities for the patents-in-suit.[1] (D.I. 12, ex. A) In February 2015, the parties entered into a non-disclosure agreement ("NDA"), drafted by defendant, under Alabama contract law. (D.I. 9, ex. B). In July 2015, plaintiff filed this action against defendant alleging willful infringement on the grounds that, since receiving the letter, defendant "has been aware of an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the [patents-in-suit]." (D.I. 1 at ¶ 23) Plaintiff's complaint further states that "the case is

---

[1] United States Patents Nos. 6,058,429 and 7,222,188.

exceptional based on the parties' pre-suit licensing discussions and [defendant]'s continuing to sell its accused products after gaining knowledge of the patents-in-suit as a result of those discussions." (D.I. 26 at 1) Defendant filed an answer and counterclaim in October 2015. (*Id.*) Count III of the counterclaim asserts that plaintiff breached the NDA.[2] (D.I. 12 at 14) Paragraph eight of the NDA states:

> Without limiting the confidentiality obligations herein, the Parties agree that their discussions with respect to the Purpose shall be considered settlement discussions subject to Federal Rule of Evidence 408. [Plaintiff] agrees that it shall not use [defendant]'s entering into this Agreement, [defendant]'s consideration of any information disclosed to [defendant] by [plaintiff] hereunder, or any action or inaction by [defendant] in connection with this Agreement, the Purpose, or such information as a basis for asserting that any alleged infringement by [defendant] of the . . . Patents is willful or that the case is otherwise exceptional in any litigation between the Parties.

(D.I. 19 at ¶ 10)

2. **Standard.** A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint's factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)). Consistent with the Supreme Court's rulings in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Third Circuit requires a two-part analysis when reviewing a Rule 12(b)(6) motion. *Edwards v. A.H. Cornell & Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210

---

[2] The NDA and count III of the counterclaim are heavily redacted. (D.I 12 at 13-15, ex. B) The court has considered all of the parties' arguments in its analysis.

2

(3d Cir. 2009). First, a court should separate the factual and legal elements of a claim, accepting the facts and disregarding the legal conclusions. *Fowler*, 578 F.3d. at 210-11. Second, a court should determine whether the remaining well-pled facts sufficiently show that the plaintiff "has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). As part of the analysis, a court must accept all well-pleaded factual allegations in the complaint as true, and view them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). In this regard, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994).

3. The court's determination is not whether the non-moving party "will ultimately prevail" but whether that party is "entitled to offer evidence to support the claims." *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir. 2011). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

4. **Analysis.** Defendant's counterclaim rests on whether the NDA is applicable to defendant's knowledge of the patents-in-suit prior to the NDA's execution. Defendant received notice of the patents-in-suit before the parties entered into the NDA. The

Eleventh Circuit has held that "if the parties had intended retroactivity, they would have explicitly said so." *Carter v. Doll House II, Inc.*, 608 F. App'x 903, 904 (11th Cir. 2015) (quoting *Thomas v. Carnival Corp.*, 573 F.3d 1113, 1119 (11th Cir. 2009)). Additionally, that Court looks to whether there is "language that . . . provides assurance about any past events or actions." *News Am. Mktg. In-Store, LLC v. Emmel*, 429 F. App'x 851, 855 (11th Cir. 2011) (noting "[t]he specific promises undertaken were couched in language that applies only prospectively). Here, while defendant contends that the NDA clearly prohibits plaintiff from using any discussions, the NDA does not specifically state that the prior communications or the letter are included in its terms. Additionally, the NDA expressly states that the Effective Date is February 13, 2015 and it is silent with respect to retroactive effect.³ (D.I. 9, ex. B)

5. Moreover, "to whatever extent there is any ambiguity in the agreement as to what acts are covered and what are not . . . that ambiguity is generally construed against the drafter of the contract." *Id.* at 856; *see First Mercury Syndicate v. Franklin County*, 623 So. 2d 1075 (Ala. 1993). In the instant action, defendant drafted the NDA. The letter was received by defendant several months prior to the execution of the NDA. It follows that defendant could have expressly stated that the NDA would have a retroactive effect to include the initial letter. The court concludes that the NDA is not

---

³ This analysis is consistent with Alabama case law. The Alabama Supreme Court has held that "[u]nder Alabama law, this Court, when interpreting a contract, must follow the plain language of the contract. General contract law requires a court to enforce an unambiguous, lawful contract, as it is written." *Pub. Bldg. Auth. of City of Huntsville v. St. Paul Fire & Marine Ins. Co.*, 80 So. 3d 171, 180 (Ala. 2010) (quotations and citations omitted).

4

retroactive. To the extent the counterclaim addresses defendant's knowledge prior to the NDA, plaintiff's motion is granted.[4]

                                                                                                      _____
                                                                                                       United States District Judge

---

[4] The court understands that plaintiff is basing its willful infringement claim on defendant's knowledge of the patents-in-suit beginning in October 2014 and ending upon the execution of the NDA on February 13, 2015.